## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROSARIO RUBIO,

       Plaintiff,

      vs.                                      No. CIV 00-1706 LH/LFG

BOB CROW CHRYSLER-PLYMOUTH-DODGE,
INC.; CHRYSLER INSURANCE COMPANY; and
FIRST SECURITY BANK OF NEW MEXICO,
N.A.,

       Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion to Dismiss of Defendant Chrysler Insurance Company (Docket No. 18), filed February 26, 2001. The Court having considered the Motion, the accompanying memoranda, the applicable law, and otherwise being fully informed, finds that the Motion to Dismiss is not well taken and it will be **denied**.

Plaintiff alleges in her Complaint that she purchased a "new" Beetle Volkswagen from Bob Crow Chrysler-Plymouth-Dodge, Inc. (Dealer) in Roswell, New Mexico on April 24, 2000. (Compl. ¶ 9.) She charges that by failing to show her the mileage on a certificate of title as required by the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32705, 49 C.F.R. § 580.5, the Dealer deliberately hid the fact from her that the car was used. (*Id*. ¶ 16.) Ms. Rubio complains that Dealer willfully violated New Mexico consumer protection law by misrepresenting the car as new and federal law by failing to disclose accurate information about the cost of financing, in violation of the Truth

in Lending Act, 15 U.S.C. § 1601 et seq. (*Id.* ¶¶ 1-2.) Ms. Rubio obtained the title history on the car and found that the Dealer purchased the car from University Volkswagen, but failed to register the car in its name, as required by N.M. STAT. ANN. § 66-3-118. (*Id.* ¶ 19.) As Chrysler Insurance Company (Chrysler) issued a surety bond to the Dealer, Ms. Rubio seeks recovery for damages against this bond for Dealer's fraudulent misrepresentations and omissions under N. M. STAT. ANN. § 66-4-7. (*Id.* ¶ 5.) Chrysler now moves for dismissal.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a cause of action for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, the Court must liberally construe the pleadings, *Gas-A-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1107 (10th Cir. 1973), accepting all material allegations as true, *Ash Creek Mining Co. v. Lujan,* 969 F.2d 868, 870 (10th Cir. 1992). Dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Therefore, "the issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

Chrysler first asserts that section 66-4-7 extends only to "1) 'failure of the title of the vendor,' or 2) 'fraudulent misrepresentations or by any breach of warranty as to freedom from liens on the motor vehicle . . . sold by the dealer," but not to fraudulent misrepresentations during the sale of vehicles. (*See* Mem. Br. Supp. Mot. Dismiss at 4 (quoting N.M. STAT. ANN. § 66-4-7).) As the surety bond does not cover fraudulent misrepresentations by a dealer other than those regarding liens, Chrysler contends that plaintiff has failed to state a claim and that Chrysler should be dismissed.

Chrysler also maintains that as an issuer of a corporate surety bond, rather than a fidelity bond, it is not a proper party to this action. *Cf. Anchor Equities v. Pacific Coast Am.*, 105 N.M. 751, 752, 737 P.2d 532, 533 (1987)(direct cause of action for damages can be brought against an issuer of a fidelity bond). Finally, Chrysler argues because a direct action against a surety bond issuer under section 66-4-7 raises a novel and complex issue of State law that would best be determined by New Mexico courts, this Court should decline to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(c)(1).

Chrysler ignores the plain language and basic statutory interpretation applicable to the statute. Section 66-4-7 provides in pertinent part:

> Before issuance of any dealer's license, . . . the applicant shall procure . . . a corporate surety bond in the amount of fifty thousand dollars ($50,000). . . .The bond shall be payable to the state for the use and benefit of the purchaser and his vendees, conditioned upon payment of any loss, damage and expense sustained by the purchaser or his vendees, or both, by reason of failure of the title of the vendor, *by any fraudulent misrepresentations* or by any breach of warranty as to freedom from liens on the motor vehicle . . . sold by the dealer . . . .

N. M. STAT. ANN. § 66-4-7(A) (Michie 2000 Cum. Supp.) (emphasis added).

New Mexico courts have not specifically addressed whether the statute extends to dealer fraud. However, in *Prince v. National Union Fire Ins. Co.*, 75 N.M. 313, 404 P.2d 137 (1965), the state Supreme Court interpreted identical wording found in a prior statute providing protection to purchasers under a statutory automobile dealer's bond:

> . . .The bond shall be payable to the state for the use and benefit of the purchaser and his vendees, conditioned upon payment of any loss, damage and expense sustained by the purchaser or his vendees, or both, by reason of failure of the title of the vendor, *by any fraudulent misrepresentations* or by any breach of warranty as to freedom from liens on the motor vehicle sold by the dealer . . . .

*Id.* at 315, 404 P.2d 139 (quoting N.M. STAT. ANN. § 64-8-6 (Michie 1953, Pocket Supp.) (emphasis added)).

In discussing the purpose of this bond, the court noted that it was "to protect against failure of title *or* fraud at the time of the purchase." *Id.* at 316, 404 P.2d at 139 (emphasis added). The court also described coverage of the statute as "a failure of title, fraudulent misrepresentation, or breach of warranty as to freedom from liens on a motor vehicle." *Id.* 315, 404 P.2d at 139. This Court finds the *Price* interpretation equally applicable to section 66-4-7(A), despite Defendant's creative use of outlining and discussion of commas to mandate a different conclusion. *See also Morey v. Miano*, No. Civ. 00-1699 LH/RLP, slip op. (D.N.M. Apr. 16, 2001).

Chrysler's attempt to distinguish *Anchor Equities* is equally unavailing. Although New Mexico courts have not decided whether direct actions for damages may be brought against issuers of surety bonds under section 66-4-7, the *Anchor* court stated:

> We do not consider it significant that this is a fidelity bond since, as we stated in *England*, "when insurance coverage is *mandated by the Legislature* the *only* time an insurer *cannot* be joined as a party defendant is when the statute which requires the purchase of insurance negates the idea of such joinder."

105 N.M. at 753, 737 P.2d at 534 (quoting *England v. New Mexico State Highway Comm'n*, 91 N.M. 406, 408, 575 P.2d 96, 98 (1978) (emphasis in *Anchor*)).

Citing New Mexico Rules of Civil Procedure 1-1017(A), Chrysler asserts that it was improperly joined in this case and that the correct party is the State as it is the "real party in interest on the corporate surety bond for the benefit of injured persons." In the alternative, Chrysler argues that the proper party in this action is University Volkswagen, maintaining that if the vehicle is used,

as Ms. Rubio asserts, then Bob Crow is the true purchaser of the vehicle and is the beneficiary of University Volkswagen's bond.

New Mexico courts rely on a three-prong test to determine if joinder of an insurance company is proper. *See Raskob v. Sanchez*, 126 N.M. 394, 395, 970 P.2d 580 (1998). Joinder will be permitted if: 1) the coverage was mandated by law, 2) it benefits the public, and 3) no language of the law expresses an intent to deny joinder. *Id*. at 395, 970 P.2d at 581. The corporate surety bond required by section 66-4-7 is mandated by law, benefits the public, and no language in the statute specifically prohibits Chrysler, the issuer of the surety bond, from being joined in this action.

Chrysler's final argument is that because interpretation of section 66-4-7 involves novel and complex issues of State law, this Court should decline to exercise supplemental jurisdiction in this matter. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law. 28 U.S.C. § 1367(c)(1). The Court disagrees with the characterization of this issue as novel and will exercise supplemental jurisdiction over this claim.

**IT IS HEREBY ORDERED** that the Motion to Dismiss of Defendant Chrysler Insurance Company (Docket No. 18), filed February 26, 2001, is **DENIED.**

---
**UNITED STATES DISTRICT JUDGE**